UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
|---|---|---|---|
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Alexis Djivre                                             Bryan Merryman
Azar Mouzari                                           Thomas Mayhew

**Proceedings:**   TELEPHONE HEARING RE: PLAINTIFF'S MOTION TO REMAND (Dkt. 9, filed December 17, 2020)

## I. INTRODUCTION

On September 23, 2020, plaintiff Donell Corey Kendall filed this class action in Los Angeles Superior Court against defendants Nestlé Waters North America, Inc., dba Ready Refresh ("Nestlé Waters") and Does 1-20, inclusive. Dkt. 1-1 ("Compl."). The complaint alleges seven claims: 1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (3) breach of the implied covenant of good faith and fair dealing; (4) money had and received; (5) unjust enrichment; (6) imposition of unlawful civil penalties in violation of Cal. Civ. Code § 1671; and (7) negligence. Id. On November 17, 2020, defendants removed this action to federal court asserting jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). Dkt. 1 ("NTC of Removal").

On December 17, 2020, plaintiff filed a motion to remand this action to California state court. Dkt. 9 ("Mot."). On January 7, 2021, defendants filed an opposition. Dkt. 10 ("Opp'n"). Plaintiff filed a reply on January 15, 2021. Dkt. 11 ("Reply"). On January 29, 2021, defendants filed a supplemental declaration in support of their opposition. Dkt. 14.

The Court held a hearing on February 1, 2021. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
|---|---|---|---|
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

## II.   BACKGROUND

Defendant Nestlé Waters operates a retail beverage delivery service company that delivers bottled water and other beverages to the homes and offices of its monthly subscribers. Compl. at 2. Plaintiff Donell Corey Kendall alleges that he contracted with defendants to purchase water from approximately August 2014 through late 2018. Id. at 2, ¶ 1.

In his complaint, plaintiff alleges that throughout the period during which he purchased water from defendants pursuant to a monthly contract, defendants charged him "late fees in the amount of $20 for each month he was late in paying his beverage delivery service." Id. ¶ 1. In addition, plaintiff alleges that each member of the proposed class was charged a $20 late fee for every month when they were late in paying for the beverage delivery service. Id. ¶ 2. Plaintiff alleges that the $20 late fees assessed by defendants were "exorbitant and disproportionately high" and, despite language in his contract stating that "if the late fee exceeds the maximum rate allowed by applicable law, the late charge will be equal to such maximum rate," were "in excess of the maximum amount allowable under California law." Id. ¶¶ 11, 13. According to plaintiff's allegations, the maximum late fee rate that is allowable as a matter of California law is approximately 18% per year or 1.5% per month, whereas "[i]n most cases, a monthly fee of $20 was in excess of 70% of the beverage charge." Id. ¶ 36. Plaintiff further alleges that defendants failed to disclose that they would charge late fees in excess of the lawful amount when plaintiff subscribed to the delivery service. Id. ¶¶ 13.

The complaint defines the proposed class as follows:

> [A]ll those subscribers of Defendants' water delivery service who were charged late fees by Defendants over the past four years. No claim is made for any corporate entity under the causes of action for violation of the CLRA and the UCL. A subclass of non-corporate users' claims is asserted for consumers/individuals.

Id. ¶ 18.

In the instant motion to remand, plaintiff contends that defendants have not met each of the statutory requirements for federal jurisdiction pursuant to CAFA. In particular,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

plaintiff contends that defendants have failed to sufficiently demonstrate that the amount in controversy in this action exceeds $5,000,000. Mot. at 2.

## III.   LEGAL STANDARD

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84-85, 135 S.Ct. 547, 552 (2014). There is no presumption against removal jurisdiction in CAFA cases; however, the defendant still bears the burden of establishing removal jurisdiction. Id. at 554. CAFA's "minimal diversity" requirement means that "a federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.' " Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165, 134 S.Ct. 736, 740, (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)). Where, as here, the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the defendant's evidentiary burden in opposing a motion to remand depends on whether plaintiff has mounted a facial or factual attack on defendants jurisdictional allegations. Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction," thus calling for the Court to "determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Id. (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)). In contrast, a factual attack "contests the truth of plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Id. "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020). Although a plaintiff may present evidence in support of a factual attack, they "need only challenge the truth of defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by the evidence." Id. at 700.

Under the preponderance of the evidence standard, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co.,116 F.3d 373, 377 (9th Cir.1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335–36 (5th Cir.1995)).

## IV.   DISCUSSION

Defendant removed this action pursuant to CAFA. As stated above, CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." Dart Cherokee, 135 S.Ct. at 552. Here, plaintiffs appear to concede that the parties are minimally diverse and that the proposed class contains more than 100 members. See generally Mot. Accordingly, the Court addresses only whether defendant has adequately established that the "amount in controversy exceeds $5 million."

Plaintiff argues that defendant has failed to establish that the amount in controversy exceeds $5 million. "In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint.'" Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting Jackson v. American Bankers Ins. Co. of Florida, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997)); see also Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. Jul. 19, 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe"). "[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1198 (9th Cir. 2015). Under this system, the removing party bears the burden of demonstrating that the CAFA amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
|---|---|---|---|
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

in controversy requirement is met, but may "rely on *reasonable assumptions* to prove that it has met the statutory threshold." Harris, 980 F.3d at 701 (citing Ibarra, 775 F.3d at 1197; Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019)).

Here, plaintiff's complaint indicates that he is seeking relief in the form of damages and restitution in the "amount by which [d]efendants were unjustly enriched" by allegedly unlawful fees charged "in excess of 1.5% per month." Compl. at 3. In other words, plaintiff seeks an award of the difference between the $20 late fee that class members were allegedly charged and the 1.5% late fee that he alleges is lawful. Plaintiff further seeks injunctive relief prohibiting defendants from charging unlawful late fees in the future. See Compl. at Prayer for Relief.

Defendants asserted in their notice of removal that the amount placed in controversy by plaintiff's claims "exceeds $5 million" and submitted two declarations from Nestlé Waters Senior Director of Technology Integration Eric Lord stating, based on analysis of defendants' business records, that more than $5 million is at issue. NTC of Removal at 4; Dkts. 10-2 ("Dec. Lord Decl."), 10-3 ("Jan. Lord Decl."). In response, plaintiffs argued that defendants' declaration evidence was "speculative and facially deficient" because the declarations calculate the amount of late fees but did not provide "any further explanation or proof" explaining how the total amount of late fees were calculated or why they exceeded $5 million. Reply at 2.

In advance of the hearing held February 1, 2021, the Court issued a tentative order, which found that a remand to state court was warranted because defendants had failed to submit any evidence demonstrating the method Lord applied to calculate that more than $5 million was in controversy, and thus failed to demonstrate that the jurisdictional amount was met by a preponderance of the evidence. Following the Court's issuance of that tentative order, defendants filed a second supplemental declaration from Lord, dated January 29, 2021.[1] Dkt. 14 ("Supp. Lord Decl."). Lord's January 29 declaration states— for the first time—that defendants' business records indicate that $8,499,535 is in controversy and explains the method that Lord followed to calculate that amount. Id. ¶ 5. Specifically, Lord states that he queried defendants' customer records database and

---

[1] The Court notes that defendants failed to seek leave of the Court to file this supplemental declaration, but declines to strike the declaration on that basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

determined that defendants collected $10,534,245 in late fees paid by California customers during the four-year period at issue, which represents fees paid by 139,742 customers on a total of 539,739 separate occasions, the majority of which were assessed in the amount of $20. Id. ¶ 3. Lord then states that he ran a second database query to determine what amount of fees would have been charged if assessed at 1.5% of each customer's then-outstanding balance and calculated that those fees would have totaled $2,034,710. Id. ¶ 4. Accordingly, Lord explains that "the difference between the $20 late fee that California Customers were charged and the 1.5% late fee that plaintiff alleges is lawful" for the four-year period at issue is "$10,787,580 minus $2,034,710, equal to $8,499,535." Id. ¶ 5.

At oral argument, counsel for plaintiff argued that defendants' evidence that the amount in controversy is $8,499,535 is inaccurate because Lord's calculation includes corporate customers, without taking into account that plaintiff has limited the class for which he seeks relief pursuant to the CLRA and UCL to non-corporate entities. However, a review of the complaint indicates that in addition to his two California consumer law claims, plaintiff maintains five additional claims for relief, for breach of the implied covenant of good faith and fair dealing, money had and received, unjust enrichment, imposition of unlawful civil penalties in violation of Cal. Civ. Code § 1671, and negligence. See generally Compl. Plaintiff's class definition as to those claims does not differentiate between corporate and non-corporate entities, stating only that "[t]he 'Class' is defined as all those subscribers of Defendants' water delivery services who were charged late fees by the Defendants during the past four years." Compl. ¶ 18. Despite contending at oral argument that class is defined more narrowly with respect to his CLRA and UCL claims, plaintiff has not disclaimed his remaining claims for relief on behalf of "all subscribers." The Court thus concludes that plaintiff seeks to represent a class encompassing all of defendants' subscribers, including corporate entities, and finds that defendants' calculation of the amount in controversy appropriately includes late fees billed to corporate entities.

As such, the Court finds that Lord's January 29 declaration testimony is sufficient evidence that the amount in controversy in this action exceeds $5 million. A declaration from a company employee is "credible evidence to establish CAFA removal" jurisdiction with respect to the amount in controversy where that employee's testimony cites to "statistics gleaned from defendant's records, such as the number of class members" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:20-cv-10511-CAS-Ex | Date | February 1, 2021 |
|---|---|---|---|
| Title | DONELL COREY KENDALL V. NESTLE WATERS NORTH AMERICA, INC. ET AL | | |

explains "where she obtained her figures and how her estimates and averages were calculated." Alvarez v. Office Depot, Inc., No. CV 17-7220 PSG (AFMx), 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017) (collecting cases); see also Andrade v. Beacon Sales Acquisition, Inc., No. CV1906963CJCRAOX, 2019 WL 4855997, at *3 (C.D. Cal. Oct. 1, 2019) (declaration estimating that defendants "employed approximately 939 non-exempt employees" who worked "50,720 weeks" at an "average hourly rate [of] $17.98" sufficient to demonstrate amount in controversy). Here, defendants have submitted a series of declarations from Lord, a knowledgeable employee with access to the billing and customer records that are relevant to this litigation. Although Lord's initial declarations failed to explain with sufficient detail how he calculated that more than $5 million is in dispute or provide statistics supporting that calculation, Lord's January 29 declaration leaves the Court with no doubt that the jurisdictional amount is satisfied. Lord's January 29 declaration describes the database containing defendants' customer account records that he reviewed to calculate that $8,499,535 is in controversy and explains the method and statistics relevant to his calculation. Lord explains, with reference to specific figures, how he calculated the total late fees billed and the difference between that total and the amount "in excess of 1.5%" that is in controversy. See Supp. Lord Decl. In addition, Lord provides specific estimates of the number of customers who are included in the class, the number of late fees that were charged, and the typical amount of those charges—$20 per month. See id. Accordingly, the Court concludes that defendants have demonstrated that the jurisdictional amount is satisfied by a preponderance of the evidence.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to remand.

IT IS SO ORDERED.

|  | 00 | : | 22 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |